1  Lori A. Bowman, CA Bar No. 114664
   lori.bowman@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
3  Los Angeles, CA 90071
   Telephone: 213.239.9800
4  Facsimile: 213.239.9045

5  Richard Y. Chen, CA Bar No. 225392
   richard.chen@ogletreedeakins.com
6  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
7  695 Town Center Drive
   Costa Mesa, CA 92626
8  Telephone: 714.800.7900
   Facsimile: 714.754.1298

9
   Attorneys for Defendants JPMorgan Chase Bank, N.A.
10 (incorrectly sued herein as JPMorgan Chase Bank) and
   Lorrie Hampen

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13

14 LAUREN MASCARELLA                    Case No.    EDCV13 - 01457 VAP (OPx)

15              Plaintiff,
                                         NOTICE OF REMOVAL OF CIVIL
16      vs.                              ACTION FROM STATE COURT TO
                                         FEDERAL COURT PURSUANT TO
17 JPMORGAN CHASE BANK, a                28 U.S.C. §§ 1331, 1367, 1441 AND
   Corporation; LORRIE HAMPEN, an        1446 BY DEFENDANTS
18 individual; and DOES 1 to 20          JPMORGAN CHASE BANK, N.A.
                                         AND LORRIE HAMPEN
19              Defendants.
                                         [FEDERAL QUESTION
20                                       JURISDICTION]

21                                       [Filed Concurrently with Declaration of
                                         Richard Y. Chen; Notice of Related
22                                       Cases; Civil Case Cover Sheet;
                                         Corporate Disclosure Statement; and
23                                       Certification of Interested Parties]

24
25                                       Action Filed:      April 25, 2013
26
27
28

NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT TO FEDERAL COURT BY DEFENDANTS
JPMORGAN CHASE BANK, N.A. AND LORRIE HAMPEN

15576554_1.docx

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants JPMorgan Chase Bank, N.A. (incorrectly sued herein as JPMorgan Chase Bank) ("Chase") and Lorrie Hampen ("Hampen") (collectively "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446 on the grounds this civil action is founded on a claim or right arising under the Constitution, treaties, or laws of the United States, including the Fair Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* Accordingly, removal is also proper based on federal question jurisdiction.

The foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this notice of removal, as more fully set forth below.

**I.**

**THE STATE COURT ACTION**

1.     On or about April 25, 2013, Plaintiff Lauren Mascarella ("Plaintiff") filed a Civil Complaint in the Superior Court of the State of California, County of Riverside, entitled *Lauren Mascarella vs. JPMorgan Chase Bank, a Corporation; Lorrie Hampen, an individual; and DOES 1 through 20,* Case No. RIC1304952 (the "Complaint").

2.     On July 18, 2013, Chase was personally served by Plaintiff the Summons and Complaint. In or about late July 2013, Hampen was personally served by Plaintiff the Summons and Complaint. (Declaration of Richard Y. Chen In Support of Defendants' Notice of Removal ("Chen Decl."), ¶ 2.) Attached hereto as **Exhibit A** is a true and correct copy of the Complaint that was served on Defendants.

15576554_1.docx

1    3.    On August 13, 2013, Defendants timely served and filed their Answer
2  to Plaintiff's Complaint in the Superior Court of the State of California, County of
3  Riverside.   (Chen Decl., ¶ 3.)  Attached hereto as **Exhibit B** is a true and correct
4  conformed copy of Defendants' Answer to Plaintiff's Complaint.

5    4.    The Complaint asserts the following claims for relief: (1) Wrongful
6  Discharge in Violation of Public Policy; and (2) Interference with Right to Leave
7  under the Family Medical Leave Act [29 U.S.C. § 2615(a)(1)].

## II.

## REMOVAL IS TIMELY

10    5.    A defendant in a civil action has thirty (30) days from the date it is
11  validly served with a summons and complaint to remove the action to federal court.
12  28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after
13  receipt by the defendant, through service or otherwise, of a copy of an amended
14  pleading, motion, order or other paper from which it may first be ascertained that the
15  case is one which is or has become removable").

16    6.    Here, removal is timely because Defendants are filing this Notice of
17  Removal less than thirty (30) days after they were served with the Summons and
18  Complaint.

## III.

## REMOVAL IS PROPER ON FEDERAL QUESTION GROUNDS BECAUSE
## THIS CIVIL ACTION INVOLVES CLAIMS OR RIGHTS ARISING UNDER
## THE LAWS OF THE UNITED STATES

23    7.    This action is one which this Court has original jurisdiction under 28
24  U.S.C. § 1331 over Plaintiff's first and second causes of action, and is one which
25  may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in
26  that it arises under the Fair Medical Leave Act, 29 U.S.C. § 2601, *et. seq.*
27  (Complaint, ¶¶ 21-29.)

28  ///

15576554_1.docx

8.     In the alternative, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the first cause of action in Plaintiff's Complaint because it is transactionally related to Plaintiff's second cause of action under the Fair Medical Leave Act, 29 U.S.C. § 2601, *et. seq.* as it derives from the same common nucleus of operative fact as the federal cause of action.    Accordingly, removal is also proper on federal question grounds as well.   *See Emich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966).

9.     Pursuant to 28 U.S.C. § 1441(c), whenever a claim or cause of action is brought under a federal law for which this Court has original jurisdiction, and is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed.

## IV.

## VENUE IS PROPER

10.     In accordance with 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the action is pending.   The Superior Court of California, County of Riverside is located within the Central District of California.   28 U.S.C. § 84(c)(3).   Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."   28 U.S.C. § 1441(a).

## V.

## THE REQUIREMENTS OF 28 U.S.C. § 1446 ARE MET

11.     In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by Exhibits "A" and "B", which contain copies of all pleadings.

12.     As required by 28 U.S.C. § 1446(b), the Notice of Removal was filed within 30 days after the Summons and Complaint was deemed served.   *Hardy v. Square D Co.*, 199 F.Supp.2d 676, 680 (6th Cir. 2002).

///

15576554_1.docx

4

13.   As required by 28 U.S.C. § 1446(d), Defendants will provide notice of this removal to Plaintiff through her attorney of record.

14.   As required by 28 U.S.C. § 1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Riverside.

## VI.

## CONCLUSION

15.   Because this civil action involves claims or rights arising under the laws of the United States, Defendants respectfully request that this Court exercise its removal jurisdiction over this action.

16.   WHEREFORE, Defendants remove the above-referenced action to this Court.  In the event this Court has a question regarding the propriety of this Notice of Removal, Defendants request that the Court issue an Order to Show Cause so that Defendants may have an opportunity to more fully brief the basis for this removal.

DATED:  August 16, 2013

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _____
Lori A. Bowman
Richard Y. Chen

Attorneys for Defendants JPMorgan
Chase Bank, N.A. (incorrectly sued herein
as JPMorgan Chase Bank) and Lorrie
Hampen

15576554_1.docx

**EXHIBIT** A

1  Gene J. Goldsman – SBN 76554
   Arik Shafir – SBN 223405
2  LAW OFFICES OF GENE J. GOLDSMAN
3  501 Civic Center Drive West
   Santa Ana, California 92701-4001
4  (714) 541-3333/Fax (714) 541-0456

5
6  Attorneys for Plaintiff
   LAUREN MASCARELLA

7



# FILED

**04/25/2013**

**L FREELAND**

**Superior Court of California**
**County of Riverside**

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                               COUNTY OF RIVERSIDE

10

11  LAUREN MASCARELLA,                  Case No.  **RIC1304952**

12                          Plaintiff,   Assigned for All Purposes To:

13      vs.

14

15  JPMORGAN CHASE BANK, a               **COMPLAINT FOR DAMAGES**
    Corporation; LORRIE HAMPEN, an
16  individual; and DOES 1 to 20

17

18                          Defendants.

19

20          COMES NOW Plaintiff LAUREN MASCARELLA (hereinafter "Plaintiff") for causes of

21  action against defendants, and each of them, alleges as follows:

22                                          I.

23                               **GENERAL ALLEGATIONS**

24

25  1.      This is an action for wrongful discharge in violation of public policy, and violation of the

26  Family Medical Leave Act – 29 USC §2601 *et seq.* (the "FMLA").  Plaintiff alleges that

27  defendants JPMORGAN CHASE BANK, LORRIE HAMPEN, and DOES 1 to 20 (collectively

28  "Defendants") by and through their agents, sole proprietors, owners, shareholders, officers,

                                             1

714-541-0456

1    directors, members, managing agents, and alter egos, interfered with her leave rights and

2    wrongfully terminated her employment while she was on company-approved FMLA leave.

3    2.    The acts and omissions of defendants, and each of them, alleged herein, except as

4    otherwise noted and alleged, occurred in the County of Riverside, State of California.

5

6

7                                             **II.**

8                                   **THE PARTIES**

9    3.    Plaintiff LAUREN MASCARELLA (hereinafter "Plaintiff") is an individual, and at all

10   times mentioned in this complaint was a resident of the County of Riverside, State of California.

11   4.    Plaintiff is informed and believes and based thereon alleges that at all times mentioned in

12   this complaint JPMORGAN CHASE BANK (hereinafter "CHASE") was a corporation doing

13

14   business in the State of California.

15   5.    At all times relevant hereto CHASE was an employer subject to the requirements of the

16   FMLA, and had a legal duty not to interfere with Plaintiff's rights under the FMLA.

17

18   6.    At all times mentioned in this complaint, Plaintiff LAUREN MASCARELLA was an

19   employee of CHASE, and was eligible for leave under the FMLA.

20   7.    Defendant LORRIE HAMPEN (hereinafter "HAMPEN"), is an individual, and Plaintiff is

21   informed and believes and based thereon alleges that at all times mentioned in this complaint

22

23   HAMPEN was a resident of the County of Riverside, State of California.

24   8.    At all times mentioned in this complaint, HAMPEN was employed by CHASE as a

25   Manager, and at all times relevant hereto exercised supervisory authority over Plaintiff and was

26

27   responsible in whole or in part for the alleged violations as set forth in this complaint.

28

                                              2

9.      Plaintiff does not know the true names of defendants DOES 1 to 20, and therefore sues them by those fictitious names.  Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner legally responsible for the events and happenings alleged in this complaint and for Plaintiff's damages. The names, capacities and relationships of DOES 1 to 20 will be alleged by amendment to this complaint when they are known.

10.      Each of the defendants designated herein, either by name, title, fictitious name or otherwise, was the agent of the other defendants, and in doing the acts alleged herein or failing to act as alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining defendants.

## III.
## SPECIFIC ALLEGATIONS

11.      In or about March 2007, Plaintiff was hired by Washington Mutual as a bank teller at the branch located at 22950 Towngate Ave., Moreno Valley, California.  In or about September 2008, CHASE purchased Washington Mutual and Plaintiff thereafter became an employee of CHASE.

12.      Plaintiff was promoted to personal banker in or about August 2010.  In conjunction with her promotion, she was transferred to the CHASE branch located at 7800 Limonite Ave., Riverside, California.

13.      During early 2009, Plaintiff began to experience chronic back pain that impaired her ability to stand for long periods of time.  She asked her supervisor Assistant Manager Linda Akier to accommodate her condition by allowing her to do her work sitting down, and provided medical

documentation in connection with her request. After a consultation with CHASE nurses, her request was approved.

14.     During early 2011, Plaintiff's symptoms began to worsen. She was forced to call in sick to work on several occasions, and sought further medical evaluation and treatment.

15.     In or about April 2011, Plaintiff applied for and was granted a transfer back to the CHASE branch located at 22950 Towngate Ave., Moreno Valley, California.

16.     On or about April 29, 2011, Plaintiff received a written warning for violation of CHASE'S attendance policy. In a meeting to discuss this warning, Plaintiff told Manager Enrique Rangel that some of her absences had been due to her health condition, which necessitated time off for medical care. Rangel suggested that upon transfer, Plaintiff apply for intermittent leave under FMLA to accommodate her health condition.

17.     On or about May 2, 2011 (her first day of work at her new branch), Plaintiff requested an FMLA application package from her supervisor Assistant Manager Brittney Wilson. She finally received the application package via U.S. Mail on or about July 14, 2011, and returned it on or about July 26, 2011.

18.     CHASE granted Plaintiff's request for intermittent FMLA leave in or about August 2011.

19.     Plaintiff thereafter took a number of full and partial days off for medical treatment in connection with her health condition. On each occasion, she notified her manager LORRIE HAMPEN of the reason for her full or partial day off.

20.     On or about November 30, 2011, Plaintiff was called into LORRIE HAMPEN'S office and informed that her employment was terminated due to violation of CHASE'S attendance policy. Plaintiff protested that her absences had been permitted under her FMLA leave, but HAMPEN informed her that the decision was final.

714-541-0456                                                          09:52:29 a.m.    04-25-2013        6/12

## FIRST CAUSE OF ACTION
(Wrongful Discharge in Violation of Public Policy)
(Against CHASE and DOES 1-20)

21.     Plaintiff hereby repeats, re-alleges and incorporates herein by reference each and every

allegation contained in paragraphs 1 through 20 inclusive, as though fully set forth herein.

22.     It is the public policy of the State of California that employers shall not discharge or

otherwise retaliate against employees for requesting or taking leave from their employment due to

a serious health condition.  This public policy is fundamental, substantial, and well-grounded in

California statutes including, but not limited to, California *Government Code* §12945.2.

Furthermore, this public policy is shared by the Federal government, and set forth in statutes

including, but not limited to, the FMLA.  This public policy is intended to protect persons like

Plaintiff.

23.     Defendants violated the public policy of the State of California by terminating Plaintiff's

employment for alleged violations of the CHASE attendance policy, when in fact these alleged

violations were protected by Plaintiff's FMLA leave.

24.     As a result of the wrongful conduct of Defendants, Plaintiff has suffered damages

including but not limited to lost wages, benefits, damage to future employability, and emotional

distress, all in an amount within the jurisdiction of this court.

25.     Defendants' conduct, as ratified and committed by their officers, directors and managing

agents, was oppressive, malicious and in willful, conscious and reckless disregard of Plaintiff's

rights, entitling Plaintiff to an award of punitive and exemplary damages against Defendants.

//

//

5

714-541-0456                                                   09:52:51 a.m.   04-25-2013      7/12

## SECOND CAUSE OF ACTION
(Interference With Right to Leave – 29 USC §2615(a)(1))
(Against All Defendants)

26.     Plaintiff hereby repeats, re-alleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 inclusive, as though fully set forth herein.

27.     Defendants interfered with Plaintiff's right to take leave from her employment due to her serious health condition, in violation of 29 USC §2615(a)(1).

28.     As a result of the wrongful conduct of Defendants, Plaintiff has suffered loss, injury and damage in an amount to be determined according to proof at trial, all in an amount within the jurisdiction of this court.

29.     Defendants' conduct, as ratified and committed by their officers, directors and managing agents, was oppressive, malicious and in willful, conscious and reckless disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive and exemplary damages against Defendants.

//
//
//
//
//
//
//
//
//
//
//

## PRAYER

WHEREFORE, Plaintiff requests judgment as follows:

1.   For compensatory, special, and general damages, in an amount according to proof;

2.   For punitive and exemplary damages;

3.   For liquidated damages as allowed by statute;

4.   For reasonable attorneys fees;

5.   For pre-judgment and post-judgment interest, according to any applicable provision of law, according to proof;

6.   For costs of suit;

7.   For such other and further relief as the court deems proper.


Dated: April 25, 2013                          LAW OFFICES OF GENE J. GOLDSMAN


                                     By:  _____
                                          GENE J. GOLDSMAN
                                          ARIK SHAFIR
                                          Attorneys for Plaintiff LAUREN MASCARELLA

7

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Gene J. Goldsman, Esq.        SBN: 76554 | |
| Law Offices of Gene J. Goldsman | |
| 501 Civic Center Drive West, Santa Ana, CA 92701 | |
| TELEPHONE NO: 714 541-3333      FAX NO: 714 541-0456 | |
| ATTORNEY FOR (Name): Lauren mascarella | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **RIVERSIDE**
STREET ADDRESS: **4050 Main Street**
MAILING ADDRESS: **P.O. Box 431**
CITY AND ZIP CODE: **Riverside, 92501**
BRANCH NAME: **Riverside Historic Courthouse**

CASE NAME: Mascarella v. JPMorgan Chase Bank et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **RIC1304952** |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action (specify): 1. Wrongful Discharge in Violation of Public Policy 2. Interference With Right to Leave
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 25, 2013

Gene J. Goldsman, Esq.
_____           _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov Westlaw Doc & Form Builder™ |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or
  toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil
  harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally
  complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Page 2 of 2

EXHIBIT___B___

EXHIBIT B

1  Lori A. Bowman, CA Bar No. 114664
   lori.bowman@ogletreedeakins.com
2  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   400 South Hope Street, Suite 1200
3  Los Angeles, CA 90071
   Telephone:    213.239.9800
4  Facsimile:    213.239.9045

5  Richard Y. Chen, CA Bar No. 225392
   richard.chen@ogletreedeakins.com
6  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
7  695 Town Center Drive
   Costa Mesa, CA 92626
8  Telephone:    714.800.7900
   Facsimile:    714.754.1298

9
   Attorneys for Defendants JPMorgan Chase Bank, N.A. (incorrectly
10 sued herein as JPMorgan Chase Bank) and Lorrie Hampen

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  FOR THE COUNTY OF RIVERSIDE

13

14 LAUREN MASCARELLA              | Case No. RIC1304952

15            Plaintiff,

16       vs.                       | DEFENDANTS' ANSWER TO
                                     PLAINTIFF'S UNVERIFIED COMPLAINT
17 JPMORGAN CHASE BANK, a Corporation;
   LORRIE HAMPEN, an individual; and DOES 1
18 to 20                           | Action Filed:    April 25, 2013
                                     Trial Date:      None
19            Defendants.

20

21       Defendants JPMorgan Chase Bank, N.A. (incorrectly sued herein as JPMorgan Chase

22 Bank) ("Chase") and Lorrie Hampen (collectively "Defendants") hereby answer the unverified

23 complaint ("Complaint") filed by Plaintiff Lauren Mascarella ("Plaintiff") as follows:

24             I.    GENERAL AND SPECIFIC DENIALS

25       Pursuant to the provisions of *Code of Civil Procedure* section 431.30, subdivision (d),

26 Defendants deny, generally and specifically, each and every allegation contained in the

27 Complaint filed herein by Plaintiff. Defendants deny, generally and specifically, that Plaintiff has

28 been damaged in any sum, or at all, by reason of any act or omission on the part of Defendants, or

---

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

AUG 13 2013

M. Preciado

By Fax
CRC 2.300

1   by any act or omission by any agent or employee of Chase. Defendants further deny, generally and

2   specifically, that Plaintiff is entitled to any relief whatsoever.

3               **II.    AFFIRMATIVE DEFENSES**

4       Without waiving the foregoing, Defendants assert the following separate and distinct

5   affirmative defenses to Plaintiff's Complaint, and to each purported cause of action therein, and

6   prays for judgment as set forth below.

7       Defendants also hereby give notice that they intend to rely upon such other and further

8   affirmative defenses as may become available during investigation and discovery in this action.

9   Defendants reserve the right to amend this Answer to assert any such defenses based on such

10   investigation and discovery.

11              **FIRST AFFIRMATIVE DEFENSE**

12              **(Arbitration Agreement)**

13       1.    Defendants allege that Plaintiff's claims are barred, in whole or in part, by the

14   mandatory and binding arbitration provisions of the arbitration agreement that existed at all times

15   relevant hereto between Defendants and Plaintiff.

16              **SECOND AFFIRMATIVE DEFENSE**

17           **(Failure to State a Cause of Action)**

18       2.    Defendants allege that Plaintiff's Complaint and each purported cause of action

19   therein are barred, in whole or in part, because Plaintiff's Complaint fails to state facts sufficient to

20   constitute a claim for relief against Defendants.

21              **THIRD AFFIRMATIVE DEFENSE**

22              **(Statutes of Limitations)**

23       3.    Defendants allege that Plaintiff's Complaint and each purported cause of action

24   therein are barred, in whole or in part, by the applicable statutes of limitations, including, but not

25   limited to, California *Code of Civil Procedure* sections 335.1 and 29 U.S.C. § 2617(c).

26   ///

27   ///

28   ///

15684326_1.docx

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

4.     Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any decisions made by Defendants with respect to Plaintiff's work status were reasonably based on the facts as Defendants understood them.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.     Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Constitutional Limit on Punitive Damages)

6.     Defendants allege that while Defendants deny that they have committed or have responsibility for any act that could support the recovery of punitive damages by Plaintiff, to the extent that such recovery is sought by Plaintiff, recovery of punitive damages against Defendants is unconstitutional under the provisions of the United States and California Constitutions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory and Non-Retaliatory Business Reason)

7.     Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, on the grounds that any alleged employment actions taken by Defendants that adversely affected Plaintiff's employment were reasonable in response to legitimate business necessities, and were taken for legitimate nondiscriminatory and/or non-retaliatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Greater Rights)

8.     Defendants allege that the causes of action stated in the Complaint are barred, in whole or in part, as Plaintiff possessed no greater right than if she had been continuously employed during the leave period under the Family Medical Leave Act.

///

15684326_1.docx

3

### NINTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence Doctrine)

9.      Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, by the after-acquired evidence doctrine.

### TENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

10.      Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff has failed, and continues to fail, to mitigate, by the exercise of reasonable effort and/or care, any damages allegedly caused by the acts and/or omissions allegedly attributed to Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Offset)

11.      Defendants allege that if Plaintiff sustained any damage as a result of the conduct alleged in the Complaint, which Defendants continue to deny, then Defendants are entitled to an offset to the extent that Plaintiff received income from other sources, including Workers' Compensation, California State Disability Insurance benefits, or subsequent employment.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Civil Code § 1431.2)

12.      Defendants allege that Plaintiff's Complaint and each purported cause of action therein are barred, in whole or in part, because any alleged emotional, mental, and/or physical injury suffered by Plaintiff was proximately caused by the acts and/or omissions of persons and entities other than Defendants. Accordingly, Defendants are entitled to an allocation of any and all non-economic damages pursuant to California *Civil Code* § 1431.2.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Mixed Motive)

13.      Defendants allege that Plaintiff's purported causes of action are barred by the mixed motive affirmative defense.

///

15684326_1.docx

4

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

14.    As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein, Defendants allege that they currently have insufficient information upon which to form a belief as to whether they may have additional, as yet unstated, defenses. Defendants reserve the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

**WHEREFORE**, Defendants pray as follows:

1.    That Plaintiff take nothing by way of her Complaint;

2.    That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3.    For entry of judgment in favor of Defendants, and against Plaintiff, on all causes of action;

4.    That Defendants be awarded costs of suit herein;

5.    That Defendants be awarded reasonable attorneys' fees incurred in defending this suit, as determined by the Court; and

For such other and further relief as this Court may deem just and proper.

DATED: August 13, 2013

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Lori A Bowman
Richard Y. Chen

Attorneys for Defendants JPMorgan Chase Bank, N.A. (incorrectly sued herein as JPMorgan Chase Bank) and Lorrie Hampen

15684326_1.docx

5

**PROOF OF SERVICE**
*Mascarella v. JPMorgan Chase Bank, et al.*
Case No. RIC1304952

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On August 13, 2013, I served the following document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 13, 2013, at Costa Mesa, California.

Darci Watanabe
Type or Print Name                Signature

15684326_1.docx

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## SERVICE LIST

2

3   Gene J. Goldsman, Esq.                Attorney for Plaintiff, LAUREN
    Arik Shafir, Esq.                     MASCARELLA
4   Law Offices of Gene J. Goldsman
    501 Civic Center Drive West
5   Santa Ana, CA 92701-4001
    Telephone (714) 541-3333
6   Facsimile (714) 541-0456

7

8                                                                        15576839.1

9                                                                        15684326.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

15684326_1.docx

28

                              7

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____ Virginia A. Phillips _____ and the assigned Magistrate Judge is _____ Oswald Parada _____ .

The case number on all documents filed with the Court should read as follows:

### EDCV 13-01457 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

August 16, 2013                       By   D. Vo
_____                              _____
Date                                       Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| ☐ Western Division | ☐ Southern Division | ☒ Eastern Division |
|---|---|---|
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )<br><br>Lauren Mascarella | **DEFENDANTS** ( Check box if you are representing yourself ☐ )<br><br>JPMorgan Chase Bank, N.A. (incorrectly sued herein as JPMorgan Chase Bank); Lorrie Hampen, an individual; and Does 1 to 20 |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Gene J. Goldsman & Arik Shafir, Law Offices of Gene J. Goldsman, 501 Civic Ctr. Dr. West, Santa Ana, CA 92701, Tel: 714-541-3333. | **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Lori A. Bowman, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 400 South Hope Street, Suite 1200, Los Angeles, CA 90071, Tel: 213-239-9800.<br>Richard Y. Chen, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626, Tel: 714-800-7900. |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding   ☒ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Reinstated or Reopened   ☐ 5. Transferred from Another District (Specify)   ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 2601, et. seq."; Brief Statement of Cause: Violation of the Fair Medical Leave Act.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☒ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 8/16/13

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |